FILED
United States Court of Appeals
Tenth Circuit

July 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN SAVAGE,

        Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

        Respondent-Appellee.

No. 08-7033
(Case No. 07-CV-00241-RAW-KEW)
(E.D. Okla.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks to appeal the district court's dismissal of his § 2241 habeas petition, which alleged that his constitutional rights were violated by the state's removal of 5,632 days of earned credits. The district court found that the petition was filed beyond the one-year statute of limitations imposed by statute and was therefore time-barred. *See* 28 U.S.C. § 2244(d).

In January 2005, after an audit of Petitioner's record, prison officials ordered the removal of Petitioner's earned credits. Petitioner filed a grievance,

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which was denied by the warden on March 3, 2005. He did not appeal this decision, and the record shows that Petitioner took no further legal action on his claims until October 2006, when he filed a state petition for habeas relief. In August 2007, he filed the instant federal petition, which the district court dismissed as time-barred. The district court concluded that the deadline for Petitioner to file his federal petition had expired by March 3, 2006, at the latest. The state court petition, filed after the expiration of the federal limitations period, could not toll the period of limitation "because there [wa]s no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *see Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

In his brief to this court, Petitioner repeats the arguments he made before the district court, arguing that he is entitled to relief based on the merits of his petition. Petitioner suggests that the district court erred by failing to consider the merits of his claim, but he does not otherwise contest the court's conclusion that his petition was procedurally barred by the statute of limitations.

Petitioner must obtain a certificate of appealability in order to challenge the district court's denial of his § 2241 habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000). When the district court denies a habeas petition on procedural grounds, we will issue a certificate of appealability only if the prisoner shows that jurists of reason would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's procedural ruling. Accordingly, for substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge